### M. J. DALTON CO. v. UNITED STATES.

.Circuit Court, E. D. Pennsylvania. February 15, 1907.)

### No. 16.

CUSTOMS DUTIES—IMPORTATIONS FROM CUBA—TIME OF TAKING EFFECT OF TREATY.

   The treaty between Cuba and the United States, signed December 11, 1902, did not go into effect until December 27, 1903, the date proclaimed by the President, and imports from Cuba entered prior to that date were not entitled to the 20 per cent. reduction provided for therein from the duties imposed by Tariff Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626].

Appeal from Decision of Board of General Appraisers.

Hatch, Keener & Clute, for appellant.

Wm. M. Stewart, Jr., and J. W. Thompson, for the United States.

HOLLAND, District Judge. In this case the importation from Cuba was entered for consumption at the port of Philadelphia between April 10, 1903, and December 17, 1903. The appellant claimed a reduction in duties of 20 per cent. because of the fact that these goods had been imported from Cuba, but the board held that they were not entitled to this reduction on the ground that the Cuban treaty did not take effect until December 17, 1903, when it was proclaimed by the President,

thus overruling the importers' claim that it went into effect April 10, 1903, the tenth day after ratifications were exchanged. The Supreme Court has, however, recently decided that the treaty went into effect December 27, 1903. The Dalton Company is therefore not entitled to the reduction claimed. U. S. v. American Refining Co., 202 U. S. 563, 26 Sup. Ct. 717, 50 L. Ed. 1149; Franklin Sugar Refining Co. v. U. S., 202 U. S. 580, 26 Sup. Ct. 720, 50 L. Ed. 1153.

The appeal is therefore dismissed.